UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

---

| | |
|---|---|
| SHIVA STEIN, | : |
| | : |
| Plaintiff, | : Case No. _____ |
| | : |
| v. | : **COMPLAINT FOR VIOLATIONS OF** |
| | : **SECTIONS 14(e), 14(d) AND 20(a) OF** |
| GLOBALSCAPE, INC., ROBERT ALPERT, | : **THE SECURITIES EXCHANGE ACT** |
| THOMAS E. HICKS, DAVID L. MANN, and | : **OF 1934** |
| C. CLARK WEBB, | : |
| | : **JURY TRIAL DEMANDED** |
| Defendants. | : |

---

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against GlobalSCAPE, Inc. ("GlobalSCAPE or the "Company") and the members of GlobalSCAPE's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of GlobalSCAPE by affiliates of Help/Systems, LLC ("HelpSystems").

2. Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the "Solicitation Statement") to be filed on July 31, 2020 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Solicitation Statement recommends that Company stockholders tender their shares in support of a proposed

transaction whereby Grail Merger Sub, Inc. ("Merger Sub"), a wholly owned subsidiary of HelpSystems, will merge with GlobalSCAPE, with GlobalSCAPE continuing as the surviving corporation (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into, dated July 19, 2020 (the "Merger Agreement"), each GlobalSCAPE common share issued and outstanding will be converted into the right to receive $9.50 per share in cash (the "Merger Consideration"). In accordance with the Merger Agreement, Merger Sub commenced a tender offer (the "Tender Offer") to acquire all of GlobalSCAPE's outstanding common stock and the Tender Offer will expire on August 27, 2020.

3. Defendants have now asked GlobalSCAPE's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act. Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) GlobalSCAPE's financial projections relied upon by the Company's financial advisor, B. Riley Securities, Inc. ("B. Riley"), in its financial analyses; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by B. Riley. The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as GlobalSCAPE stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4. It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the Tender Offer.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to GlobalSCAPE's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Defendant GlobalSCAPE is incorporated in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of GlobalSCAPE common stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Defendant Robert Alpert has served as a member of the Board since 2018 and Chairman of the Board and Chief Executive since 2019.

11. Individual Defendant Thomas E. Hicks has served as a member of the Board since 2016.

12. Individual Defendant David L. Mann has served as a member of the Board since 2002.

13. Individual Defendant C. Clark Webb has served as a member of the Board and since 2018.

14. Defendant GlobalSCAPE is incorporated in Delaware and maintains its principal offices at 4500 Lockhill Selma Road, Suite 150, San Antonio, Texas 78249. The Company's common stock trades on the New York Stock Exchange under the symbol "GSB."

15. The defendants identified in paragraphs 10-13 are collectively referred to as the "Individual Defendants" or the "Board."

16. The defendants identified in paragraphs 10-14 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**A.  The Proposed Transaction**

17. GlobalSCAPE, together with its subsidiaries, develops and distributes software, delivers managed and hosted solutions, and provides associated services for secure information exchange, and data transfer and sharing for enterprises and consumers worldwide. The Company offers managed file transfer solutions, including enhanced file transfer platforms; and Mail Express solution that enable users to send and receive encrypted email and attachments of unlimited size. The Company also provides Wide Area File Services Solution that enables to replicate, share, and backup files within a wide or local area network; and CuteFTP, a file transfer program for individuals and small businesses. In addition, the Company offers various professional services, such as product configuration and system integration, solution quickstart implementations, business process and workflow, policy development, education and training, and solution health checks, as well as engineering services; and maintenance and support

services. The Company primarily serves the finance, health care, energy, retail, manufacturing, and engineering markets. GlobalSCAPE was founded in 1996 and is based in San Antonio, Texas.

18. On July 20, 2020, the Company announced the Proposed Transaction:

SAN ANTONIO, July 20, 2020 /PRNewswire/ -- GlobalSCAPE, Inc. (NYSE American: GSB), and HelpSystems, LLC today jointly announced they have signed a definitive merger agreement under which HelpSystems will acquire all outstanding shares of GlobalSCAPE for $9.50 per share in cash. The combined company would focus on providing the most comprehensive collection of trusted security and automation solutions to customers worldwide.

GlobalSCAPE is a leader in the secure managed file transfer software industry. With powerful cloud-based and on-premise solutions, the company helps organizations secure movement, automation, and integration of data both in and out of the cloud. The merger would augment HelpSystems' data security business that includes data loss prevention and data classification software.

"GlobalSCAPE's offerings are a great fit with HelpSystems' suite of security products," said Robert Alpert, CEO of GlobalSCAPE. "Our strength lies in moving mission-critical files both in and out of the cloud, coupled with our commitment to customer service and in helping organizations meet their cybersecurity and compliance needs. Joining HelpSystems solidifies and strengthens this promise."

"GlobalSCAPE's MFT solution and expertise further strengthen HelpSystems' growing cybersecurity business," said Kate Bolseth, CEO of HelpSystems. "Combining this with our data loss protection and data classification technology provides depth to our triple-threat defense against customer cybersecurity risks."

Alpert commented, "Our success is rooted in our people; the men and women of GlobalSCAPE are passionately dedicated to client success. The product and individual awards earned over GlobalSCAPE's 23-year history testify to our spirit of service. I am proud of our accomplishments, including our ability to return substantial capital to shareholders, with special dividends of $0.50 per share in May of 2019 and $3.35 per share in December of 2019, in addition to the $9.50 per share that holders will receive in the transaction with HelpSystems."

Under the terms of the agreement between GlobalSCAPE and HelpSystems, HelpSystems has agreed to acquire all of the outstanding shares of GlobalSCAPE for $9.50 per share, which represents a 16% premium to the closing price for GlobalSCAPE stock on July 17, 2020. The transaction is structured as a tender offer followed by a merger, valued at approximately $217 million, including debt to be refinanced. The transaction will be funded with cash on hand and new debt. Jefferies Finance LLC and credit funds affiliated with Charlesbank Capital Partners LLC have provided a commitment to HelpSystems to provide the necessary debt financing.

The agreement has been unanimously approved by the Boards of Directors of both companies.  Senior GlobalSCAPE management and current and former GlobalSCAPE directors and their affiliates, who collectively hold approximately 33 % of the outstanding shares, have agreed to tender their shares in the transaction. The transaction is subject to GlobalSCAPE's stockholders tendering a majority of GlobalSCAPE's outstanding shares prior to the expiration of the tender offer, certain regulatory approvals and other customary conditions, and is expected to close in the third quarter of 2020.

GlobalSCAPE (acting through its financial advisor) will solicit alternative transaction proposals from third parties ("Go-Shop Parties") for a period ending August 24, 2020, subject to customary conditions specified in the merger agreement. If the GlobalSCAPE board determines that an alternative transaction proposal is superior to the merger with HelpSystems, GlobalSCAPE may terminate the merger agreement and accept the superior proposal. In such an event, GlobalSCAPE must pay HelpSystems a customary termination fee that varies in amount depending on whether or not the superior proposal is from a Go-Shop Party. In addition, the merger agreement provides HelpSystems a customary right to match a superior proposal.

Stephens Inc. is serving as the exclusive financial advisor to GlobalSCAPE regarding the transaction, including the go-shop process. B. Riley FBR delivered a fairness opinion to the board of directors of GlobalSCAPE. Olshan Frome Wolosky LLP is serving as legal advisor to GlobalSCAPE. Goodwin Procter LLP is serving as legal advisor to HelpSystems.

* * *

19.     It is, therefore, imperative that GlobalSCAPE's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

B.     **The Materially Incomplete and Misleading Solicitation Statement**

20.     On July 31, 2020, GlobalSCAPE filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.  The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction.  The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

21.     The Solicitation Statement omits material information regarding the Company's financial projections and the valuation analyses performed by B. Riley, the disclosure of which is material because it provides stockholders with a basis to project the future financial performance of the target company, and allows stockholders to better understand the analyses performed by the financial advisor in support of its fairness opinion.

*Omissions and/or Material Misrepresentations Concerning GlobalSCAPE Financial Projections*

22.     The Solicitation Statement fails to provide material information concerning financial projections prepared by GlobalSCAPE management and relied upon by B. Riley in its analyses.  The Solicitation Statement indicates that in connection with the rendering of its fairness opinion, the Company prepared certain non-public financial forecasts (the "Projections") and provided them to the Board and the financial advisor with forming a view about the stand-

alone valuation of the Company. Accordingly, the Solicitation Statement should have, but fails to provide, certain information in the Projections that GlobalSCAPE management provided to the Board and the financial advisor. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

23. For the Projections prepared by Company management for GlobalSCAPE for fiscal years 2020 through 2024, the Solicitation Statement provides the value for non-GAAP (Generally Accepted Accounting Principles) financial metric EBITDA but fails to disclose: (i) the line items used to calculate the non-GAAP measure, or (ii) a reconciliation of this non-GAAP metric to its most comparable GAAP measure, in direct violation of Regulation G.

24. The Solicitation Statement also fails to provide an earlier version of the Projections based on certain assumed numbers for the quarter ended June 30, 2020 that was circulated to the Board.

25. When a company discloses non-GAAP financial measures in a solicitation statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

26. The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other non-discretionary expenditures that are not deducted from the measure.[1]

27. Thus, to cure the Solicitation Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Solicitation Statement, Defendants must provide a reconciliation table of the non-GAAP measures to the most comparable GAAP measures to make the non-GAAP metrics included in the Solicitation Statement not misleading.

*Omissions and/or Material Misrepresentations Concerning B. Riley's Financial Analyses*

28. With respect to B. Riley's *Selected Companies Analysis*, the Solicitation Statement fails to disclose the basis for choosing the multiples ranges of (i) 2.0x to 5.0x to GlobalSCAPE's estimated 2020E Revenue; (ii) 1.5x to 4.5x to GlobalSCAPE's estimated 2021E Revenue; and (iii) 7.5x to 12.0x to GlobalSCAPE's estimated 2020E Adjusted EBITDA and 7.0x to 11.0x to GlobalSCAPE's estimated 2021E Adjusted EBITDA.

29. With respect to B. Riley's *Selected Transactions Analysis*, the Solicitation Statement fails to disclose the basis for choosing the multiple ranges of (i) 2.8x to 4.4x to

---

[1] U.S. Securities and Exchange Commission, Non-GAAP Financial Measures, last updated April 4, 2018, available at: https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm.

GlobalSCAPE's revenue for the last twelve months ended June 30, 2020 and 11.5x to 19.0x to GlobalSCAPE's EBITDA for the last twelve months ended June 30, 2020.

30. With respect to B. Riley's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the basis for applying the range of discount rates from 10.5% to 12.5%; (ii) the basis for applying a range of perpetual growth rates of 2.0% to 3.0%; and (iii) and the Company's cash flows used in the analysis.

31. In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender her shares, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for
Violations of Section 14(e) of the Exchange Act**

32. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

33. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

34. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material

facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

35. The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisor's valuation analyses and resultant fairness opinion.

36. In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

37. The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek appraisal. In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

38. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein

to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

39. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT II
### Violations of Section 14(d)(4) of the Exchange Act and Rule 14d-9 Promulgated Thereunder
### (Against All Defendants)

40. Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

41. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

42. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

43. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

44. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the

Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

45. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

### COUNT III

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

46. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

47. The Individual Defendants acted as controlling persons of GlobalSCAPE within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of GlobalSCAPE, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of GlobalSCAPE, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of GlobalSCAPE, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

50. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

51. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

53. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

B. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: August 3, 2020                                          **RIGRODSKY & LONG, P.A.**

                                                               By: */s/ Gina M. Serra*
                                                                   Brian D. Long (#4347)
**OF COUNSEL:**                                                    Gina M. Serra (#5387)
                                                                   300 Delaware Avenue, Suite 1220
**WOLF HALDENSTEIN ADLER**                                         Wilmington, DE 19801
**FREEMAN & HERZ LLP**                                             Telephone: (302) 295-5310
Gloria Kui Melwani                                                 Facsimile: (302) 654-7530
270 Madison Avenue                                                 Email: bdl@rl-legal.com
New York, NY 10016                                                 Email: gms@rl-legal.com
Telephone: (212) 545-4600
Facsimile: (212) 686-0114                                          *Attorneys for Plaintiff*
Email: melwani@whafh.com